UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVID JAFFARI,<br><br>                     Plaintiff,<br><br>v.<br><br>MERRICK GARLAND, et al.,<br><br>                     Defendants. | Case No.:  22-cv-0574-L-BLM<br><br>**ORDER GRANTING DEFENDANTS'<br>MOTION TO DISMISS [ECF NO. 7]** |

Pending before the Court in this mandamus action is Defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1).  Plaintiff did not file an opposition.  Defendants filed a reply.  The matter is submitted on the briefs without oral argument.  *See* Civ. L. R. 7.1(d)(1).  For the reasons stated below, Defendants' motion to dismiss is granted for lack of subject matter jurisdiction.  This action is dismissed without prejudice.

I.   **BACKGROUND**

Plaintiff Javid Jaffari, is an Iranian national who claims he is a lawful permanent resident of the United States.[1]  On September 8, 2019, Plaintiff paid the $725 fee for an

---

[1] Plaintiff states he "obtained his lawful permanent residency through employment on August 4, 2011" and also that he "obtained his residency on December 2, 2014," and directs the Court to Exhibit 2 in

1

22-cv-0574-L-BLM

application for citizenship and submitted his N-400 application for adjudication by the Citizenship and Immigration office in San Diego. ("USCIS"). On September 13, 2019, Plaintiff was notified by USCIS to report to an Application Support Center to provide fingerprints. On October 1, 2019 in Seattle, Washington, his fingerprints were obtained. The naturalization application is still pending.

Dissatisfied with the lack of progress, on April 25, 2022, Plaintiff filed the current Petition for Writ of Mandamus against Merrick Garland, Attorney General of the United States; Alejandro Mayorkas, Secretary for the Department of Homeland Security; Ur Mendoza Jaddou, Director for Citizenship & Immigration Services; Paul Pierre, District Director for San Diego; and Christopher A. Wray, Director of Federal Bureau of Investigations (collectively "Defendants").  In his Petition, Plaintiff asserts (1) Defendants' policies and practices violate his Fifth Amendment rights; (2) Defendants should be compelled to complete the clearance of the pending name check and the adjudication of the naturalization application pursuant to 28 U.S.C.§ 1361, and (3) Defendants' failure to complete the name check within the 120 day period after the naturalization interview is in violation of 8 U.S.C. § 1446(d) and 8 C.F.R. §335 which violates that Administrative Procedures Act, 5 U.S.C §555(B), 5 U.S.C. §§ 706(1), 706(a)A), 706(2)(C), and 706(2)(D)." (Pet. at 5-6).

On August 16, 2022, Defendants filed a motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. Plaintiff has not opposed the motion to dismiss.

**II.    DISCUSSION**

Rule 12(b)(1) provides for dismissal if subject matter jurisdiction is lacking. Unlike State courts,

> Federal courts are courts of limited jurisdiction.  They possess only
> that power authorized by Constitution and statute, which is not to be

---

support of these assertions. (Pet. at 1,3) However there is no Exhibit 2 attached to the Petition, therefore, the Court cannot confirm this information.

> expanded by judicial decree.  It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Federal courts must satisfy themselves of jurisdiction over the subject matter before proceeding to the merits. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The court must dismiss an action if subject matter jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3); *see also Hansen v. Dep't of Treasury*, 528 F.3d 597, 600 (9th Cir. 2007).

Defendants argue that Plaintiff invalidly alleges jurisdiction pursuant to 8 U.S.C. § 1447(b), requesting immediate adjudication of his pending application because it has been over 120 days from the date of his naturalization examination interview. (Motion at 1 [ECF No. 7.]) However, Defendant claims that Plaintiff has mischaracterized his simple fingerprinting appointment as a formal section 1446(b) naturalization interview, therefore the Court lacks jurisdiction and the Petition must be dismissed. (*Id.*)

As a primary matter, Plaintiff cites no supporting authority for his request for a court order directing CIS to immediately complete processing of his naturalization application. Instead, he focuses his petition on seeking relief pursuant to section 1447(b), contending that this Court should conduct a de novo review of his naturalization application because it has been pending "for more than 120 days after the initial interview." (Pet. at 2 [ECF No. 1.])

A lawful permanent resident is eligible for naturalization if he establishes five years of continuous residence in the United States and demonstrates that he is of good moral character. 8 U.S.C. § 1427(a).  There are generally four stages of the naturalization process. *Sze v. I.N.S.*, 153 F.3d 1005, 1007 (9th Cir. 1998)(abrogated on other grounds in *U.S. v. Hovesplan*, 359 F.3d 1144 (9th Cir. 2004)). First, the applicant must submit completed application materials to USCIS which includes fingerprints, criminal

background information, and information reflecting good moral character. *See* 8 U.S.C. §1445(a); 8 C.F.R. §§ 334.2, 316.4, 316.10; *Sze*, 153 F.3d at 1007.

Second, USCIS conducts a background investigation. 8 U.S.C. § 1446(a) ("[A]n employee of the Service… shall conduct a personal investigation of the person applying for naturalization[.]" No time period is specified within the statute or regulations within which the background investigation must be completed. *Sze*, 153 F.3d at 1007-08.

Third, once the background investigation is completed, USCIS conducts a formal N-400 examination interview "by an INS officer who will, except in limited cases, either grant or deny the naturalization application within 120 days of the interview." *Sze*, 153 F.3d at 1008; 8 U.S.C. § 1446(b). The fourth, and final stage of the naturalization process is the participation of the applicant in a naturalization and oath ceremony where he is issued a certificate of naturalization. *Sze*, 153 F.3d at 1008.

Under section 1447(b), a petitioner may seek relief from the district court:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447(b).

Here, the 120-day clock has not started to run because Plaintiff has not had his formal N-400 examination interview. 8 U.S.C. § 1446(b). Although Plaintiff claims that he has been "waiting since September 8, 2019, for a decision on his application," that date was when he admittedly "received a notice from USCIS to report to an Application Support Center for obtaining his fingerprint," not the date he had his N-400 examination interview. (Pet. at 2). He further mischaracterizes the fingerprinting appointment as the N-400 examination interview that begins the 120-day clock when he clams "[s]ince the date of the fingerprint October 1, 2019 interview, the naturalization application has been pending for more than 31 months. (*Id*. at 5). The fingerprinting appointment is a

preliminary step in the application process which precedes the N-400 application interview. *Sze*, 153 F.3d at 1007-08. At this time, Petitioner does not appear to be qualified to schedule the N-400 application interview because there is no indication the background investigation has been completed, and there is no specific time frame within which this investigation must be completed. *See Sze*, 153 F.3d at 1007-08. As a result, there is no merit to his contention that Defendants violated the APA by failing to "clear the name check" and complete review of his naturalization application within 120-day period after the naturalization interview because he has not yet had that interview.

For the foregoing reasons, Plaintiff has failed to demonstrate jurisdiction under section 1447(b), therefore, Defendants' motion is **GRANTED** and the action is **DISMISSED without prejudice**.

IT IS SO ORDERED.

Dated: February 14, 2023

Hon. M. James Lorenz
United States District Judge